**BALTIMORE COUNTY BANK v. UNITED STATES.**
**No. 42508.**

Court of Claims.
March 7, 1938.

Francis R. Lash, of Washington, D. C., for plaintiff.

Robert N. Anderson, Fred K. Dyar, and John A. Ries, all of Washington, D. C., and James W. Morris, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

Plaintiff seeks recovery of $1,540.08, with interest, an alleged overpayment of its income and profits taxes for the calendar year 1920. Suit is predicated on the disallowance by the Commissioner of Internal Revenue of plaintiff's claim for refund, which sets forth as grounds for the refund that the assessment and collection of the challenged taxes had been made at a time when they were prohibited, or not permitted, by law. The relevant facts disclose that—

Plaintiff filed its income and profits tax return for the calendar year 1920 on March 2, 1921, reporting a tax liability of $252.14, which amount was paid and is not now in controversy.

On July 9, 1925, the Commissioner of Internal Revenue mailed to plaintiff a so-called sixty-day letter proposing a deficiency of $1,455.94 for 1920 and overassessments for the years 1921 and 1922 totaling $318.41.

On September 5, 1925, plaintiff filed an appeal for the year 1920 with the United States Board of Tax Appeals. No hearing was had before the Board on the appeal, the parties thereto, by their respective counsel, having stipulated in writing that there was a deficiency in plaintiff's tax liability for the year 1920 of $1,455.94, and that an order of redetermination might be entered accordingly, which order was subsequently, on November 3, 1926, entered by the Board.

The deficiency of $1,455.94, together with interest thereon of $84.14, making a total of $1,540.08, was assessed by the Commissioner of Internal Revenue on February 12, 1927. The deficiency so assessed by the Commissioner was paid in the following manner:

The Commissioner, on February 19, 1927, credited the overpayments of $218.28 and $100.13 for the years 1921 and 1922, respectively, amounting to $318.41, against the said deficiency and the balance, $1,221.67, was paid by plaintiff in cash on May 12, 1927.

Plaintiff's claim for refund was filed with the collector on May 29, 1931, and disallowed by the Commissioner of Internal Revenue on September 11, 1931.

Whatever the merits of plaintiff's claim that the taxes in controversy were assessed and collected at a time when they were prohibited, or not permitted, under the statute, may be, it is clear that plaintiff cannot recover for the reason that its claim for refund was not filed within four years after payment of any part of the taxes involved as was required by the provisions of section 3228 of the Revised Statutes, as amended by section 1112 of the Revenue Act of 1926, 44 Stat. 115, 26 U.S.C.A. § 1433 and note. This fact fully justified the Commissioner's action in disallowing the claim and is a bar to plaintiff's right of recovery here. The court is without jurisdiction to hear and determine the suit and the petition is therefore dismissed.